IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Artem Akopovich Alabilikyan,<br><br>       Petitioner,<br><br>vs.<br><br>Katrina Kane,<br><br>       Respondent. | No. CV 08-1708-PHX-JAT (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

On September 15, 2008, Petitioner Artem Akopovich Alabilikyan filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that immigration officials are holding him in detention pending his removal from the United States to Russia, but that his removal cannot be effected. Doc. #1. Petitioner seeks an immediate release from custody on the grounds that his indefinite detention is not authorized by law because there is no prospect that he will be removed in the reasonably foreseeable future. See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months). In an order filed on October 21, 2008, the District Judge reviewed the petition and directed Respondent to file an answer. Doc. #3.

1   On October 30, 2008, Respondent filed a Notice of Suggestion of Mootness in which
2   she asserts that Petitioner was released under an Order of Supervision on October 29, 2008.
3   Doc. #10. In the filing, Respondent provides a copy of the Order of Supervision establishing
4   that Petitioner was released from custody on that date. Doc. #10, Exh. A. Petitioner has not
5   responded to the suggestion of mootness. Because Respondent's evidence demonstrates that
6   Petitioner has obtained the relief he sought in his petition, this action is moot. See Picrin-
7   Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991) (alien's habeas petition challenging the
8   length of his detention pending deportation was rendered moot when petitioner was released
9   from custody and reparoled into the United States). The court will therefore recommend that
10  the Petition for Writ of Habeas Corpus be dismissed.

11  **IT IS THEREFORE RECOMMENDED:**

12  That Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) be **DISMISSED**
13  without prejudice.

14  This recommendation is not an order that is immediately appealable to the Ninth
15  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
16  Appellate Procedure, should not be filed until entry of the district court's judgment. The
17  parties shall have ten days from the date of service of a copy of this recommendation within
18  which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.
19  Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a
20  response to the objections. Failure to timely file objections to the Magistrate Judge's Report
21  and Recommendation may result in the acceptance of the Report and Recommendation by
22  the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114,
23  1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
24  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
25  ///
26  ///
27  ///
28

findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 19th day of November, 2008.

*/s/ Edward C. Voss*
Edward C. Voss
United States Magistrate Judge